UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE E. CARTER,

    Plaintiff,

v.                                                                                          Hon. Hala Y. Jarbou

WESTSHORE ENGINEERING AND                               Case No. 1:21-cv-562
SURVEYING, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter has been referred to me by the Honorable Hala Y. Jarbou for handling of all matters under 28 U.S.C. § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b0(1)(B). On August 23, 2021, I issued an order directing Plaintiff to show cause why I should not enter a report and recommendation recommending that this action be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 20.) The August 23 Order set forth the reasons why Plaintiff's claim—a personal injury claim arising under state law—does not arise under federal question jurisdiction pursuant to 28 U.S.C. § 1331. The August 23 Order further explained that Plaintiff failed to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332(a) because at least two Defendants, like Plaintiff, were Michigan residents, precluding complete diversity.

    Plaintiff filed his response on September 7, 2021. (ECF No. 25.) Plaintiff provides no basis for subject matter jurisdiction. Regarding federal question jurisdiction, he states that "the court must afford [Plaintiff] equal protection of the law and allow him due process." (*Id.* at PageID.116.) This is not responsive to the August 23, 2021 Order, which directed Plaintiff to explain why his

personal injury claim arises under federal law. Plaintiff's response does not adequately address this issue.

As for diversity jurisdiction, Plaintiff states that "[t]here are Michigan-based defendants but there are also out-of-state defendants that means [sic] the diversity requirement." (*Id.*) It appears that Plaintiff misconstrues the statute, which "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Here, Plaintiff, a Michigan citizen, freely admits that some Defendants in this action are also Michigan citizens. The Court thus lacks diversity jurisdiction.

Accordingly, for the foregoing reasons, as well as those set forth in the August 23, 2021 Order, I recommend that the Court dismiss this action without prejudice for lack of subject matter jurisdiction.

Date:  September 8, 2021                                        /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).